CLARK, Justice,
concurs in part and dissents in part.
11While I agree that the trial court abused its discretion by granting the motion to suppress the evidence seized from the defendant’s home pursuant to a search warrant, I also believe the trial court was in error in granting the motion to suppress the evidence seized from the vehicle at the time of the defendant’s arrest. Under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 1723-1724, 173 L.Ed.2d 485 (2009), the U.S. Supreme Court held: “[p]olice may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.” (Emphasis added). The defendant was arrested for possession of drugs with the intent to distribute. The police had knowledge, from the controlled buy of the reliable confidential informant, that the defendant allegedly carried the drugs in a glasses case. When police searched the defendant incident to his arrest, the defendant was not carrying the glasses case. I find it was reasonable for the police to believe the vehicle would contain evidence of the offense of arrest. In addition, considering the defendant had just exited the vehicle when the officers found what they reasonably believed to be cocaine on the defendant’s person, the officers had probable cause to search the vehicle without a warrant. See U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Therefore, I believe the motion to suppress the evidence 12obtained on the defendant’s person incident to his arrest, in his home pursuant to a search warrant, or in the vehicle at the time of his arrest, should have been denied in its entirety.